**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOOTSIE ROLL INDUSTRIES, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>LAFAYETTE BAY PRODUCTS, LLC<br>d/b/a SPUNKY PUP<br><br>*Defendant*. | Civil Action No. 21-cv-1997<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Tootsie Roll Industries, LLC ("Tootsie"), by and through its undersigned counsel, and for its Complaint against Defendant Lafayette Bay Products, LLC d/b/a Spunky Pup ("Spunky Pup"), alleges as follows:

## INTRODUCTION

1. Plaintiff Tootsie is the owner of the famous and federally registered trademarks TOOTSIE ROLL and TOOTSIE POPS for candy products. TOOTSIE ROLL brand candies are sold in likewise famous, registered trade dress comprising a brown cylindrical candy shape sold in packaging that features a dark brown center panel with adjacent red stripes. Defendant Spunky Pup has started selling a dog treat product that, without authorization, copies Tootsie's trade dress, calling its product by the confusingly similar name "TOOTSIE PUPS."

 

**NATURE OF SUIT**

2. This is an action for: (1) infringement of Tootsie's federally registered marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (2) federal unfair competition and false designation of origin, association, and endorsement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) dilution by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) deceptive trade practices in violation the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq.; (5) deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 et seq.; (6) dilution in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65; and (7) unfair competition in violation of Illinois' common law of unfair competition.

3. Tootsie brings this action to halt and prevent consumer confusion, mistake, and deception as to source, affiliation, or sponsorship of Spunky Pup's dog treat product caused by Spunky Pup's infringement of Tootsie's trademark rights.

4. Tootsie seeks both injunctive and monetary relief for Spunky Pup's deliberate efforts to wrongly profit and otherwise benefit from the goodwill Tootsie has established in its trademarks and trade dress.

**THE PARTIES**

5. Plaintiff Tootsie is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 7401 South Cicero Avenue, Chicago, Illinois 60629.

6. On information and belief, Defendant Spunky Pup is a limited liability company organized and existing under the laws of Minnesota, with its principal place of business at 2500 Shadywood Road, Suite #700, Orono, Minnesota 55331.

**JURISDICTION AND VENUE**

7. Tootsie's claims are based on the Lanham Act, 15 U.S.C. §§ 1051 et seq., and on the statutory and common law of the State of Illinois, including claims arising under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq.; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1 et seq.; and the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65.

8. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and under the supplemental jurisdiction provision of 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

10. Personal jurisdiction over the Defendant is proper in this Court in part because Spunky Pup regularly conducts business, directly and indirectly, within the State of Illinois and because the injury caused by Spunky Pup's illegal activities occurs in this District.

11. Personal jurisdiction and venue are also proper in this Court because Spunky Pup intentionally advertises, sells, and provides its infringing goods and services in the State of Illinois and in this District, as demonstrated in the following Spunky Pup webpage, https://spunkypup.com/where-to-buy/ (version attached as **Exhibit A** (last visited April 14, 2021)):



12. As evidenced in **Exhibit A**, Spunky Pup products are available for sale at several retail locations in this District, including:

  a. Paw Naturals located at 932 W Monroe Street, Chicago, Illinois 60607;

  b. Bentley's Pet Stuff – Wells located at 1201 North Wells Street, Chicago, Illinois 60610;

  c. Aeslin Pup Hub located at 1812 W Chicago Ave, Chicago, Illinois 60622;

  d. Pet Supplies Plus located at 1289 North Milwaukee Avenue, Chicago, Illinois 60622; and

  e. Barks N Bites Co located at 702 W 35th Street, Chicago, Illinois 60616.

## BACKGROUND

### Plaintiff Tootsie and Its Trademarks and Trade Dress

13. Tootsie's predecessor-in-interest first used the trademark TOOTSIE in United States commerce in the early 1900s. Since then, the trademark TOOTSIE and formatives thereof have been used continuously in the United States by Tootsie and its predecessors, affiliates, and licensees.

14. Tootsie is the owner of, among others, the following federally registered trademarks and the U.S. Trademark Registrations for the same:

| U.S. REG. NO. | MARK | SUMMARY OF GOODS | REG. YEAR |
|---|---|---|---|
| 75,218 | Tootsie | Chocolate candy | 1909 |
| 292,927 | TOOTSIE POPS | Candy | 1932 |
| 949,931 | TOOTSIE ROLLS | Candy | 1973 |
| 1,369,332 | TOOTSIE ROLL | Candy | 1985 |
| 2,536,259 | TOOTSIE | Candy | 2002 |

15. Copies of the trademark registration certificates for the above-listed marks are attached as **Exhibit B**.

16. Pursuant to 15 U.S.C. § 1115(b), each of the above-identified registrations constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Tootsie's ownership thereof, and of Tootsie's exclusive right to use the mark in commerce in connection with the goods specified in the registration.

17. As a result of Tootsie's extensive advertising, promotion, and use of the marks identified in paragraph 14 for candy and a wide variety of other goods and related services, those

marks have become famous source indicators for Tootsie's products. Hereinafter, these marks shall be referred to as the "TOOTSIE Marks."

18. For many decades, Tootsie has continuously sold its candy in its famous brown cylindrical shape, which consumers identify as a source indicator for Tootsie's candy product. Tootsie's product trade dress consists of a cylindrical-shaped brown candy with a length approximately two times its diameter (hereinafter "TOOTSIE Midgee"). The following image is a depiction of Tootsie's TOOTSIE Midgee candy, with accompanying packaging:



19. Tootsie owns U.S. Registration No. 5,552,922 for the TOOTSIE Midgee product configuration trade dress (a copy of the registration certificate is attached as **Exhibit C**):



20. Moreover, for decades Tootsie has sold its candy in "brown-red-and-white" product packaging, as depicted in paragraph 18 above, which packaging has become a famous source indicator for Tootsie's candy products.

21. Essentially the same brown-red-and-white packaging trade dress appears on boxes and pouches containing Tootsie's candy products, as depicted below. In particular, this trade dress comprises a brown center panel with a red stripe on either side and white ends, with the trademark TOOTSIE ROLL appearing prominently in white **Copper Black** font centered on the upper half of the package:

 

22. Tootsie's brown-red-and-white packaging trade dress is inherently distinctive and non-functional, and over many years of extensive promotion and use in commerce it has acquired distinctiveness as an indicator that Tootsie is the source of the candy sold therein.

23. Tootsie has licensed its famous trademarks and trade dress to others for use in connection with a variety of goods, including pet products, sold under the TOOTSIE Marks and using the Tootsie product and packaging trade dress. The following images are examples of products sold under license from Tootsie:



24. Tootsie's revenues from products sold in connection with its iconic TOOTSIE Marks and trade dress over the past century, both from its own sales and from licensing fees, have exceeded hundreds of millions of dollars.

**Defendant Spunky Pup's Acts of Infringement and Unfair Competition**

25. Spunky Pup is in the business of producing and selling pet toys and treats.

26. Despite Tootsie's well-established rights in its famous TOOTSIE Marks and trade dress, Spunky Pup, on information and belief, began selling pet treats under the name "TOOTSIE PUPS" at some point in 2020. As shown below, its treats have the same shape as a TOOTSIE Midgee and are packaged in a box that closely copies the Tootsie packaging trade dress, including the prominent wording in the same position and the same white font, the large, dark brown middle panel, and the bright stripes on each side of the panel:



27. Spunky Pup's TOOTSIE PUPS treats are also confusingly similar in shape and color to the TOOTSIE Midgee, being brown and cylindrically shaped with a length approximately two times its diameter. A photo of a single TOOTSIE PUPS treat is below:



28. Spunky Pup's TOOTSIE PUPS product is sold in retail stores and online, and is advertised and promoted on social media sites, such as Facebook and Instagram:



29. At no time has Tootsie authorized or licensed Spunky Pup to use Tootsie's trademarks or trade dress in conjunction with the promotion and sale of its pet treats.

30. On February 25, 2021, Tootsie sent a letter to Spunky Pup, demanding, among other things, that in light of its infringement of Tootsie's intellectual property rights, Spunky Pup immediately cease all sales of its TOOTSIE PUPS product. On March 10, 2021, Spunky Pup responded through counsel, declining to cease its sales.

31. On information and belief, Spunky Pup is intentionally engaged in activity that it knows is unlawful and constitutes infringement and dilution of the TOOTSIE Marks and Tootsie trade dress, and unfair competition under federal and state law.

32. The natural, probable, and foreseeable result of Spunky Pup's wrongful conduct is consumer confusion, deception, and mistake in the marketplace, dilution of the value of the TOOTSIE Marks and Tootsie trade dress, potential irreparable harm to Tootsie's reputation and goodwill, and likewise irreparable injury to Tootsie's relationships with existing and prospective consumers.

33. Tootsie has sustained, and will continue to sustain, such damages as a result of Spunky Pup's wrongful conduct.

34. On information and belief, Spunky Pup has engaged in these unlawful activities knowingly and intentionally, and with reckless disregard for Tootsie's rights in its trademarks and trade dress.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

35. The allegations of the preceding paragraphs are incorporated by reference herewith.

36. Tootsie is the owner of the trademark registrations listed in paragraph 14, above, and U.S. Registration No. 5,552,922 for its TOOTSIE Midgee product configuration trade dress.

37. The pet treats sold under the TOOTSIE PUPS mark are related to the pet items offered by Tootsie's licensees under one or more of the TOOTSIE Marks, as both these pet products are likely to be encountered by the same classes of consumers in the same shopping environment or channel of trade.

38. Spunky Pup's use of the mark TOOTSIE PUPS is confusingly similar to Tootsie's TOOTSIE Marks, and is likely to cause confusion, mistake, and deception as to the source of Spunky Pup's product.

39. Spunky Pup's sale of dog treats in a size and shape identical to Tootsie's TOOTSIE Midgee registered product configuration trade dress is likely to cause confusion, mistake, and deception as to the source of Spunky Pup's product.

40. Spunky Pup's acts and conduct complained of herein constitute willful trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

41. Spunky Pup's unlawful actions have injured and will continue to injure Tootsie irreparably and have caused and will cause Tootsie to suffer substantial damage, for which damage and injury exists no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

42. The allegations of the preceding paragraphs are incorporated by reference herewith.

43. The TOOTSIE Marks are entitled to protection due to, among other things, Tootsie's exclusive and continuous use of the TOOTSIE Marks for decades.

44. Tootsie has invested substantial time, effort, and resources in promoting its TOOTSIE Marks, its TOOTSIE Midgee product configuration trade dress, and its brown-red-and-white packaging trade dress. As a result, its marks and trade dress are famous as distinctive source indicators for Tootsie's product and embody substantial and valuable goodwill.

45. Spunky Pup, by using the mark TOOTSIE PUPS without Tootsie's authorization, has deliberately traded upon and taken advantage of the recognition, goodwill, and business reputation that Tootsie has developed, through decades of effort, in connection with its TOOTSIE Marks.

46. Spunky Pup, by using trade dress copied from and confusingly similar to Tootsie's trade dress, is unfairly benefiting from Tootsie's investment in its distinctive trade dress and from the reputation and goodwill that Tootsie has cultivated through its highly successful marketing and promotion of its candy products incorporating that trade dress.

47. Spunky Pup's use of the TOOTSIE PUPS mark, and the copied product design and packaging, is causing and will continue to cause, confusion, mistake, or deception as to the source, origin, or sponsorship of Spunky Pup's products because consumers and others are likely to wrongly believe that Spunky Pup's products are created, sponsored, approved, licensed, or are otherwise affiliated or in some way legitimately connected with Tootsie all to Tootsie's harm.

48. Tootsie has no control over the quality of goods offered by Spunky Pup, and because of the consumer confusion as to the source, origin, or sponsorship engendered by Spunky Pup, the valuable goodwill and business reputation associated with the TOOTSIE Marks and trade dress are at the mercy of Spunky Pup.

49. Spunky Pup's acts complained of herein constitute willful trademark infringement and false designation of origin, association, and endorsement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Spunky Pup's unlawful actions have injured and will continue to injure Tootsie irreparably and have caused Tootsie to suffer substantial damages, for which damage and injury there exists no adequate remedy at law.

51. Spunky Pup's conduct also has caused and will cause monetary damages to Tootsie, in an amount to be proven at trial.

## COUNT III
## DILUTION BY BLURRING
## (15 U.S.C. § 1125(c))

52. The allegations of the preceding paragraphs are incorporated by reference herewith.

53. Each of the TOOTSIE Marks were distinctive and famous at the time Spunky Pup began using the TOOTSIE PUPS mark.

54. Tootsie's product configuration trade dress and its packaging trade dress were each distinctive and famous at the time Spunky Pup began selling product under the TOOTSIE PUPS mark and in the copied shape and packaging.

55. Spunky Pup's activities complained of herein have diluted and will continue to dilute the distinctive quality of Tootsie's famous marks and trade dress, in violation of 15 U.S.C. § 1125(c).

56. As a direct and proximate cause of Spunky Pup's willful and deliberate conduct, Tootsie has been damaged by Spunky Pup's actions in an amount to be proven at trial.

57. Tootsie has been and continues to be damaged by Spunky Pup's dilution of the distinctiveness of the TOOTSIE Marks and trade dress in a manner that cannot be fully measured or compensated in economic terms, and for which there is no adequate remedy at law.

### COUNT IV
### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS §§ 510/1 ET SEQ.)

58. The allegations of the preceding paragraphs are incorporated by reference herewith.

59. Tootsie conducts business in the State of Illinois under its TOOTSIE Marks, TOOTSIE Midgee trade dress, and brown-red-and-white packaging trade dress. As shown above, Tootsie's TOOTSIE Marks, TOOTSIE Midgee trade dress, and brown-red-and-white packaging trade dress became famous in the State of Illinois, and Tootsie uses each to identify its goods and to distinguish them from the goods of others.

60. Spunky Pup sells its TOOTSIE PUPS products in Illinois. Those sales have caused, and will continue to cause, a likelihood of confusion or misunderstanding as to, among other

things, the source, sponsorship, approval, connection, or affiliation of Spunky Pup's TOOTSIE PUPS dog treats.

61. Upon information and belief, Spunky Pup adopted the mark TOOTSIE PUPS for its dog treat products, and the design of those products and their packaging, with full knowledge of Tootsie's rights and with intent to trade on Tootsie's goodwill and reputation.

62. Spunky Pup's actions described above constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-7.

63. Unless Spunky Pup's unauthorized activities are enjoined, there will continue to be confusion or misunderstanding between Spunky Pup's TOOTSIE PUPS and Tootsie's products offered under the TOOTSIE Marks and trade dress.

## COUNT V
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (815 ILCS §§ 505/1 ET SEQ.)

64. The allegations of the preceding paragraphs are incorporated by reference herewith.

65. Spunky Pup has misappropriated and unlawfully exploited the valuable property rights and goodwill of Tootsie in its TOOTSIE Marks, TOOTSIE Midgee trade dress, and brown-red-and-white packaging trade dress.

66. By these actions, Spunky Pup unfairly competes with Tootsie and deceives consumers for Spunky Pup's profit and to Tootsie's detriment.

67. Spunky Pup's actions described above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1-12.

68. As a result of these actions, Tootsie has been damaged and, unless Spunky Pup's infringing activities are enjoined, Tootsie will continue to suffer irreparable injury to its property and goodwill, and Spunky Pup will be unjustly enriched thereby.

## COUNT VI
## ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT
## (INJURY TO BUSINESS REPUTATION; DILUTION)
## (765 ILCS §§ 1036/65)

69. The allegations of the preceding paragraphs are incorporated by reference herewith.

70. Tootsie conducts substantial business in the State of Illinois under its TOOTSIE Marks, TOOTSIE Midgee trade dress, and brown-red-and-white packaging trade dress. As shown above, Tootsie's TOOTSIE Marks, TOOTSIE Midgee trade dress, and brown-red-and-white packaging trade dress became famous in the State of Illinois prior to Spunky Pup's offering of its TOOTSIE PUPS dog treats.

71. Spunky Pup sells its TOOTSIE PUPS products in Illinois.

72. Spunky Pup's actions have diluted the distinctive quality of Tootsie's TOOTSIE Marks, TOOTSIE Midgee trade dress, and brown-red-and white packaging trade dress, resulting in irreparable harm to Tootsie, all in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65.

73. Upon information and belief, Spunky Pup adopted the mark TOOTSIE PUPS for its dog treat products, and the design of those products and their packaging, with full knowledge of Tootsie's rights and with intent to trade on Tootsie's goodwill and reputation—i.e., Spunky Pup had a willful intent to trade on Tootsie's reputation.

74. Unless Spunky Pup's unauthorized activities are terminated, it will continue to dilute the distinctive quality of Tootsie's TOOTSIE Marks, TOOTSIE Midgee trade dress, and brown-red-and-white packaging trade dress, and will inevitably diminish the value of said marks and the goodwill associated therewith.

## COUNT VII
## ILLINOIS COMMON LAW UNFAIR COMPETITION

75. The allegations of the preceding paragraphs are incorporated by reference herewith.

76. Spunky Pup's unauthorized use of Tootsie's TOOTSIE Marks, TOOTSIE Midgee trade dress, and its packaging trade dress is designed to unfairly compete with Tootsie, in at least to usurp any licensing fees Tootsie may make on sales of pet products sold under the TOOTSIE Marks and using the Tootsie product and packaging trade dress, to the detriment of Tootsie.

77. As a result of Spunky Pup's unauthorized use of Tootsie's Marks and trade dress described above, Spunky Pup has misappropriated valuable property rights of Tootsie, is trading on the goodwill symbolized by Tootsie's distinctive trade dress, and is thereby likely to confuse and deceive members of the relevant purchasing public, all in violation of the common law of Illinois.

78. Spunky Pup has willfully engaged in acts of unfair competition.

79. Spunky Pup's acts described in this Count have caused, and will continue to cause, unless restrained by this Court, serious, irreparable injury for which Tootsie has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Tootsie prays for judgment on the claims of its Complaint as follows:

A. That Spunky Pup and its subsidiaries, affiliates, officers, directors, employees, and all others acting in concert with each and all of them, be preliminarily and permanently enjoined from using the mark TOOTSIE PUPS and, any similarly confusing marks, and from using trade dress confusingly similar to Tootsie's TOOTSIE Midgee trade dress, and Tootsie's product packaging trade dress ("Enjoined Activities");

B. That Spunky Pup and its subsidiaries, affiliates, officers, directors, employees, and all others participating in Spunky Pup's sales, promotional, advertising, and marketing activities, be directed to deliver up and surrender within 15 days of judgment herein all promotional,

advertising, and marketing materials bearing the TOOTSIE PUPS trademark or the copied trade dress;

      C.      That Tootsie be awarded compensatory and consequential damages in an amount to be determined at trial;

      D.      That the damages award to Tootsie be trebled;

      E.      That Spunky Pup be directed to provide an accounting of all sales of goods made in connection with its infringing activities; and that Spunky Pup be required to account for all gains, profits and advantages derived by Spunky Pup on or in connection with its infringing activities;

      F.      That Spunky Pup be ordered to pay Tootsie's costs incurred herein, including but not limited to reasonable attorneys' fees; and

      G.      That such other and further relief be awarded to Tootsie that may be deemed just, proper, and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Tootsie hereby demands a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action.

| | |
|---|---|
| Date: April 14, 2021 | /s/ James R. Nuttall |

                                                    John L. Strand (General Bar No. 90785709)
                                                    John L. Welch (*pro hac* to be filed)
                                                    Kira-Khanh McCarthy (*pro hac* to be filed)
                                                    jstrand@wolfgreenfield.com
                                                    jwelch@wolfgreenfield.com
                                                    kkmccarthy@wolfgreenfield.com
                                                    WOLF, GREENFIELD & SACKS, P.C.
                                                    600 Atlantic Avenue
                                                    Boston, MA 02210
                                                    (617) 646-8000 Phone
                                                    (617) 646-8646 Fax

                                                    James R. Nuttall
                                                    Daniel F. Gelwicks
                                                    Candice J. Kwark
                                                    jnuttall@steptoe.com
                                                    dgelwicks@steptoe.com
                                                    ckwark@steptoe.com
                                                    STEPTOE & JOHNSON LLP
                                                    227 West Monroe Street, Suite 4700
                                                    Chicago, IL  60606
                                                    (312) 577-1300 Phone

                                                    *Counsel for Tootsie Roll Industries, LLC*